The Honorable N.B. "Nap" Murphy State Representative South Main Street Hamburg, AR 71646
Dear Representative Murphy:
This is in response to your request for an opinion on the following questions:
 1. After the resolution for combination of grades 9, 10, 11, and 12 of the Parkdale School District with the Hamburg School District was approved by the County Board of Education, the Parkdale Superintendent and Board granted legal transfers to two students living in Parkdale to the Arkansas City School District. Are these transfers legal? Does Parkdale School District continue to have the authority to grant legal transfers to students in grades 9-12?
 2. Three students living in the Hamburg District have been attending school in Parkdale for years. After the petition was filed and the resolution passed by the County Board of Education, the superintendent of the Parkdale School District refuses to pay the tuition to the Hamburg School District that he is receiving for these three students because they reside in the Hamburg School District zone. Should this money be sent to the Hamburg School District?
It is my opinion, in response to your first question, that the Parkdale District did not have the authority to grant the transfers in that instance. This conclusion is compelled by the fact that the students were transferred to the Hamburg District as a result of the combination of Parkdale's top four grades with Hamburg. As noted in Attorney General Opinion 92-036, a combination of one district's secondary program with an adjoining district involves the transfer of students and revenues. The relevant law is found at A.C.A. § 6-15-207(c) (Cum. Supp. 1991). Subsection (c)(3) states that "[a]ny district directed by order of the county board of education to participate in such a combination is mandated to accept the students transferred tosuch district." (Emphasis added.)
It is thus clear that following a combination under this provision, students of the petitioning district are transferred to the receiving district. My research has yielded no authority for the proposition that the petitioning district may grant other transfers of the affected students following such a combination. Indeed, while the petitioning district continues to exist as a separate school district to operate grades kindergarten through six (6), and may operate grades seven (7) and eight (8) if minimum standards are met, it ". . . may not establish or operate a high school." A.C.A. § 6-15-207(c)(4) and (5).
With regard to your second question, I have requested information from the Department of Education that I believe will be necessary for a thorough review of this issue. It is my understanding, however, that time is of the essence as to the first question. I am therefore issuing this response, and will provide a supplemental opinion on your second question in as timely a manner as possible.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh